CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:19-cr-00073-001 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MARCUS VERNELL CLARK, SR. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Marcus Vernell Clark, Sr.'s motion for early termination of supervised release. (Dkt. No. 104.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Clark's motion. The court will grant Clark's motion.[1]

I. BACKGROUND

In August 2020, Clark pled guilty to one count of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. The court sentenced Clark to 40 months in prison. (Dkt. No. 100.) The court also sentenced Clark to three years of supervised release. (*Id.*)

Clark was released from prison on May 13, 2022, and began his federal supervision. Clark's overall adjustment to be supervision has been positive. He has maintained consistent communication with his probation officer, maintains a stable residence with a family member and is currently receiving disability due to a health issue that is preventing him from working.

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

There have been no new charges, and all financial obligation have been paid. He has completed 27 months of his three-year period of supervised release.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Clark's offense was serious, he has now served over a year of his supervised release term. The court finds that there is no longer a need to protect the public or to deter Clark from committing further crimes through the ongoing imposition of release conditions. For these

reasons, the court will grant Clark's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Clark's motion for early termination of supervised release (Dkt. No. 104) will be granted.  The court will issue an appropriate order.

Entered: August 5, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge